```
                        16 MAG 7931                    ORIGINAL
Approved:  _____
           JASON M. SWERGOLD / AMANDA L. HOULE / BENET J. KEARNEY
           Assistant United States Attorneys

Before:    HONORABLE KATHARINE H. PARKER
           United States Magistrate Judge          DEC 09 2016
           Southern District of New York

- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :       DOC #_____
                                         :
        - v. -                           :    SEALED COMPLAINT
                                         :
JOSE ARNALDO ARLOS PEREZ,                :    16 Mag.
CARMELINO ESCOBAR MORALES,               :
EMILIANO CABEZAS GARCIA, and             :    Violation of 46 U.S.C.
MARIO VICENTE TOALA,                     :    §§ 70503(a)(1),
                                         :    70504(b)(1), and
                      Defendants.        :    70506(a) & (b)
- - - - - - - - - - - - - - - - - - - - X
```

SOUTHERN DISTRICT OF NEW YORK, ss.:

ANDRES MAHECHA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department (the "NYPD") and a Task Force Officer with the Department of Homeland Security ("HSI"), and charges as follows:

COUNT ONE
(Conspiracy to Violate Maritime Drug Enforcement Laws)

1. In or about November 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, who will be first brought to and enter the United States in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

2. It was a part and an object of the conspiracy that JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, and others known and unknown, would and did

manufacture and distribute, and possess with intent to manufacture and distribute, a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1).

3. The controlled substance that JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, conspired to manufacture and distribute, and possess with intent to manufacture and distribute, on board a vessel subject to the jurisdiction of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a).

(Title 46, United States Code, Sections 70506(b) & 70504(b)(1); Title 18, United States Code, Section 3238.)

COUNT TWO
(Violation of Maritime Drug Enforcement Laws)

4. In or about November 2016, in Colombia, the high seas, and elsewhere, and in an offense begun and committed upon the high seas outside of the jurisdiction of any particular State or district of the United States, JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, who will be first brought to and enter the United States in the Southern District of New York, manufactured and distributed, and possessed with intent to manufacture and distribute, while aboard a vessel subject to the jurisdiction of the United States, five kilograms and more of mixtures and substances containing a detectable amount of cocaine.

(Title 46, United States Code, Sections 70503(a)(1), 70504(b)(1), 70506(a); Title 18, United States Code, Sections 3238 & 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

5. I am a Detective with the NYPD and a Task Force Officer with HSI. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of

documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my participation in the investigation, my conversations with other law enforcement agents, and my review of documents obtained during the investigation, I have learned, among other things, that:

a. HSI has been investigating a Colombian drug cartel (the "Cartel") that sends shipments of cocaine to various points around the world by, among other methods, panga boats or "go-fasts." In or about November 2016, HSI received information that the Cartel was sending a go-fast carrying a large shipment of cocaine from Colombia. HSI passed that information on to the United States Coast Guard (the "Coast Guard").

b. On or about November 6, 2016, a Coast Guard cutter (the "Cutter") was on routine patrol approximately 290 nautical miles south of Huatulco, Mexico. While there, the Cutter detected two go-fast boats ("Go-Fast 1" and "Go-Fast 2," and together, the "Go-Fast Boats") on its radar. As the Cutter pursued the Go-Fast Boats, members onboard the Cutter observed crewmembers on the Go-Fast boats throwing bales overboard.

c. After stopping to jettison the bales, the Go-Fast Boats continued on. The Cutter launched a helicopter and two patrol boats to intercept the Go-Fast Boats. The Cutter briefly lost visual contact with the Go-Fast Boats, but soon reacquired Go-Fast 2. During this time, no other vessels were reported in the area.

d. One of the Cutter's patrol boats (the "Patrol Boat") gained positive control over Go-Fast 2 after Go-Fast 2 became dead in the water. A boarding team (the "Boarding Team") from the Patrol Boat conducted a right of visit boarding of Go-Fast 2, and found JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, onboard Go-Fast 2. In addition, the Boarding Team observed that Go-Fast 2 had no vessel name and no registration.

e. In response to questions from the Boarding Team, JOSE ARNALDO ARLOS PEREZ claimed that both he and Go-Fast 2 were of Mexican nationality. Pursuant to a bilateral agreement between the United States and Mexico, the Coast Guard contacted Mexican authorities to confirm the nationality of Go-Fast 2. Mexican authorities denied the master's claim of nationality for Go-Fast 2, at which time the Coast Guard

authorized the Boarding Team to treat Go-Fast 2 as a vessel without nationality.

    f. In addition to the jettisoned bales observed at the outset of the operation, the Coast Guard located a second jettison field approximately 20 nautical miles south of where Go-Fast 2 was interdicted. Around the same time, the Coast Guard also located an abandoned go-fast boat approximately 35 nautical miles south of Go-Fast 2's location. In response to questioning from the Boarding Team, EMILIANO CABEZAS GARCIA and MARIO VICENTE TOALA claimed that they had abandoned a go-fast – which matched the description of the abandoned go-fast – before getting onto Go-Fast 2.

    g. In total, the Coast Guard recovered bales containing approximately 1214 kilograms of cocaine.

 WHEREFORE, the deponent respectfully requests that warrants be issued for the arrests of JOSE ARNALDO ARLOS PEREZ, CARMELINO ESCOBAR MORALES, EMILIANO CABEZAS GARCIA, and MARIO VICENTE TOALA, the defendants, and that they be imprisoned or bailed, as the case may be.

             _____
             ANDRES MAHECHA
             Detective, NYPD

Sworn to before me this
9th day of December, 2016

_____
HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York